IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 25-cv-03463-NYW

YUNIER SABORIT AGUILAR,

    Petitioner,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,
PAMELA BONDI, in her official capacity as Attorney General of the United States,
TODD LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement,
ROBERT GUADIAN, in his official capacity as Field Office Director of the Denver Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, and
JUAN BALTAZAR, in his official capacity as Warden of the Aurora Contract Detention Center,

    Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus (the "Petition"), [Doc. 1], Petitioner's Motion for Order to Show Cause (the "Motion for Order"), [Doc. 8], and the Motion for Temporary Restraining [Order] (the "Motion for Temporary Restraining Order"), [Doc. 11].

Petitioner Yunier Saborit Aguilar ("Petitioner") is a Cuban national "who first entered the United States in June 2019 after repeated persecution by Cuban authorities for his political activities." [Doc. 1 at 5 ¶ 1]. He was removed from the United States in March 2020 and was tortured upon his return to Cuba. [*Id.*]. He reentered the United States in 2022, immediately expressed fear to border patrol officers, and was referred for

a "reasonable fear" interview with asylum officers. [*Id.* at 5–6 ¶ 2]. He was released on an order of supervision ("OSUP") requiring regular reporting during the pendency of his withholding only proceedings. [*Id.* at 6 ¶ 3]. He fully complied with the OSUP's requirements. [*Id.*]. However, on June 16, 2025, "weeks before his next scheduled check-in and while awaiting his final hearing at the Denver Immigration Court, ICE officers waited outside his home, arrested him, and revoked his OSUP without notice, stated grounds, or an opportunity to respond." [*Id.* at 6 ¶ 4]. On September 18, 2025, an immigration judge granted Petitioner withholding of removal, and the Department of Homeland Security waived appeal, rendering the order final. [*Id.* at 6 ¶ 5]. Despite this, Petitioner remains detained in ICE custody. [*Id.*]. Petitioner argues that (1) the revocation of his OSUP was unconstitutional and unlawful, and (2) his continued detention violates his due process rights. [*Id.* at 2 ¶ 2].

In his Motion for Order, Petitioner asks the Court to order Respondents to show cause why the Petition should not be granted "on an expedited timeline." [Doc. 8 at 3]. In the Motion for Temporary Restraining Order, he asks for a Court order "preventing immigration officials from transferring his outside the District of Colorado or unlawfully removing him from the United States during the pendency of this matter." [Doc. 11 at 1].

Because it does not appear that Respondents have been served, the Court treats the Motion for Temporary Restraining Order as a request for an ex parte restraining order. Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be issued without notice to the opposing party "only if" (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the

2

movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Petitioner has not complied with this second requirement, and thus, the Court is unable to issue injunctive relief without notice to Respondents. Accordingly, the Motion for Temporary Restraining Order is respectfully **DENIED without prejudice**, with leave to re-file if appropriate.

However, the Court nevertheless concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No.

11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **November 3, 2025**. Petitioner shall promptly file proof of such service on the docket by **November 6, 2025**, and counsel for Respondents shall promptly enter their notices of appearance. The Motion for Order is **GRANTED in part**, to the extent it seeks an Order to Show Cause, and **DENIED in part**, to the extent it asks the Court to order Respondents to show cause within three days. *See* [Doc. 8 at 3]. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

Accordingly, it is **ORDERED** that:

(1) Petitioner's Motion for Order to Show Cause [Doc. 8] is **GRANTED in part** and **DENIED in part**;

(2) The Motion for Temporary Restraining [Order] [Doc. 11] is **DENIED without prejudice**, with leave to re-file if appropriate;

4

(3)     Petitioner shall **SERVE** Respondents with a copy of the Petition and other documents on or before **November 3, 2025**, and shall file proof of service on or before **November 6, 2025**;

(4)     Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted; and

(5)     Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED: October 31, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5